UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EARL JAMES GOBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-02209-MPB-TAB |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff Earl James Gobin filed multiple motions seeking to amend his complaint and a motion to seal his proposed amended complaint. [Filing Nos. 36, 44, 47, 48.] Defendant Eli Lilly and Company opposes the proposed amendments and asks the Court to strike Plaintiff's second brief opposing Defendant's motion to dismiss. [Filing No. 54.] These motions are addressed in detail below.

**I.    Background**

Plaintiff initiated this action on October 27, 2025, when he filed a complaint alleging personal injuries stemming from Defendant's clinical trials of two medications. [Filing No. 1.] Since then, Plaintiff has attempted to amend or supplement his complaint seven times. [Filing Nos. 12, 19, 24, 28, 36, 44, 47.] Plaintiff amended the complaint once as a matter of course [Filing No. 12], and the Court granted Plaintiff leave to amend the complaint once on December 17, 2025 [Filing No. 29]. Plaintiff filed one motion to amend [Filing No. 24] while a prior motion to amend remained pending [Filing No. 28]—leading the Court to deny the first motion as moot. [Filing No. 29.] The Court also denied Plaintiff's past request to "supplement" the complaint. Filing

1

No. 22 (advising Plaintiff "[t]he Federal Rules of Civil Procedure do not provide for filing supplemental evidentiary materials" in support of a pleading).]  Currently, Filing No. 28-1 is the operative complaint.  Plaintiff filed his pending motions to amend on December 22, 2025; January 9, 2026;[1] and January 17, 2026.  [Filing Nos. 36, 44, 47.]

On December 18, 2025, Defendant moved to dismiss the operative complaint, arguing that Plaintiff's claims are unsupported by law and/or fact.  [Filing Nos. 30, 31.]  The motion to dismiss is fully briefed.

## II. Motions for Leave to Amend [Filing Nos. 36, 44, 47]

Pending before the Court are three competing motions seeking to amend the operative complaint.  [Filing Nos. 36, 44, 47.]  Those motions are denied because they do not comply with the rules governing amendment and are futile.

Rule 15(a) of the Federal Rules of Civil Procedure governs amended complaints.  While Rule 15(a)(2) requires courts to grant leave to amend freely when justice so requires, courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."  *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).  "A court may find a proposed amendment is futile if it provides facts or legal theories that are redundant, immaterial, or unresponsive."  *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 62 Fed. App'x. 122, 124 (7th Cir. 2003).  Additionally, a court may find a proposed amendment futile if the amendment

---

[1] Filing No. 44 is entitled "Plaintiff's Motion to Incorporate Amended Statement of Claim from Docket #40 into Operative Pleading" and seeks to add language to the operative complaint. However, the Federal Rules of Civil Procedure do not provide for "incorporation" of filings into an operative complaint.  *See* S.D. Ind. Local Rule 15-1(b) ("Amendments to a pleading must reproduce the entire pleading as amended.").  Plaintiffs may only alter complaints by formal amendment under Rule 15.  Therefore, the Court interprets Filing No. 44 as a motion to amend.

includes claims that fail to state a claim for relief under Rule 12(b)(6). *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

There can be only one operative complaint at a time. Only the most recent motion to amend—Filing No. 47—included a contemporaneously filed proposed amended complaint as required by S.D. Ind. Local Rule 15-1(a)(1). The Court explicitly informed Plaintiff of this requirement on December 1, 2025, when it wrote, "If Plaintiff seeks to amend his complaint, he shall file a motion for leave to amend his complaint with a proposed, signed amended complaint attached." [Filing No. 22.] Therefore, the December 22 and January 9 motions to amend—Filing Nos. 36 and 44—are denied as redundant and non-compliant.

Plaintiff's January 17 motion to amend argues that the proposed amended complaint "clarif[ies] Plaintiff's factual allegations, organize[s] the asserted claims more clearly, and present[s] the claims in a manner consistent with applicable pleading standards." [Filing No. 47, at ECF p. 1.] Defendant opposes Plaintiff's motion and argues that the proposed amended complaint "merely repeats the same factual allegations that Plaintiff has presented multiple times"; adopts a "scattershot, AI-generated pleading style"; and contains "conclusory allegations mixed with legal argument and irrelevant narrative that does not comply with Federal Rule of Civil Procedure 8." [Filing No. 54, at ECF p. 7.] Rule 8 provides that an amended complaint must provide a "short and plain statement of the claim," and allegations "must be simple, concise, and direct." As for format, complaints must state claims "in number paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. The January 17 proposed amended complaint [Filing No. 47-1] does not comply with the federal pleading standard, and its amendments are redundant and immaterial. *See Vakharia*, 62 Fed. App'x. at 124.

3

Like the operative complaint, the January 17 proposed amended complaint asserts allegations regarding Defendant's clinical trials. However, it improperly attempts to do more than assert claims for relief. It adds pages of legal argument rebutting Defendant's fully briefed motion to dismiss and requests Court-ordered discovery. [Filing No. 47-1, at ECF p. 10-12, 18-20 (arguing against an informed-consent issue raised by Defendant's motion to dismiss and asking the Court to order Defendant to produce documents).] It contains pages of continuous discussion—disregarding Rule 8's short and plain pleading standard and abandoning the operative complaint's format and Rule 10's numbered paragraphs requirement.

The January 17 proposed amended complaint also includes two new causes of action—claims under the Americans with Disabilities Act and Georgia elder law. [Filing No. 47-1, at ECF p. 9.] Defendant argues that Plaintiff's proposed ADA claim is futile because it does not identify the type of ADA claim asserted, the ADA provision allegedly violated, facts showing that Plaintiff was discriminated against because of his disability, or facts showing denial of access to a covered service, program, or activity. [Filing No. 54, at ECF p. 11.] The Court agrees.

ADA claims of this type typically require that a defendant denied a plaintiff access to a service, program, or activity due to the plaintiff's protected disability. *See* 42 U.S.C. § 12132; *Underhill v. Lawrence County Sheriff's Dept.*, No. 4:20-cv-00125-SEB-DML, 2021 WL 2312813, at ECF p. 1 (S.D. Ind. June 7, 2021) (dismissing a *pro se* plaintiff's ADA claim because it did not allege a denial of a program, service, or activity); *Andress v. Indiana Dept. of Corrections*, No. 2:17-cv-00395-WTL-MJD, 2018 WL 2230729, at *2 (S.D. Ind. May 16, 2018) (dismissing a *pro se* plaintiff's ADA claim and noting that "being subjected to a greater risk of [injury due to a disability] does not equate to being denied the benefit of services, programs, or activities" as required under the ADA). The January 17 proposed amended complaint merely alleges that

Defendant's "denial of protections and safeguards constitutes discrimination against a disabled senior citizen" without further detail or statutory citation. [Filing No. 47-1, at ECF p. 9.] It should come as no surprise to Plaintiff that this allegation falls short of asserting a claim under the ADA. A federal court in Georgia recently dismissed an insufficiently pleaded ADA claim asserted by Plaintiff. *Gobin v. Nadella*, No. 1:25-cv-967-ELR, 2025 WL 3780320, at *2 (N.D. Ga. Dec. 10, 2025) ("[T]o the extent that Plaintiff alleges that Defendant discriminated against him in violation of the ADA, nothing in the Amended Complaint indicates that Plaintiff's access to his LinkedIn was blocked because of his disability.").

Plaintiff bases his other new cause of action on a Georgia statute. The January 17 proposed amended complaint alleges that Defendant's "conduct exploited and harmed an elder disabled citizen, contrary to O.C.G.A. § 30-5-1 et seq." [Filing No. 47-1.] However, as Defendant points out, "under settled law the statute Plaintiff invokes does not authorize a private right of action." [Filing No. 54 at ECF p. 11-12.] Plaintiff invokes Georgia's Disabled Adults and Elder Persons Protection Act, the purpose of which is to "provide protective services for abused, neglected, or exploited disabled adults and elder persons." Ga. Code Ann. § 30-5-2. This law does not create a private right of action. *Estate of Ellis v. American Advisors Group, Inc.*, No. 21-13270, 2023 WL 115856, at *5 (11th Cir. Jan. 6, 2023) (affirming the dismissal of a claim brought under § 30-5 *et seq.* because no statute authorized a private right of action); *Shareef v. Select Portfolio Servicing, Inc.*, No. 1:25-cv-2697-MHC-JKL, 2025 WL 3909430, at *10 (N.D. Ga. Nov. 5, 2025) (dismissing a claim brought under § 30-5 *et seq.* because there is "no private right of action under the Act"); *Leslie v. Equifax Information Services, LLC*, No. 1:23-CV-00329-ELR-JEM, 2023 WL 6940718, at *4 (N.D. Ga. Aug. 31, 2023) ("[T]he Court does not find any indication from the language of O.C.G.A. § 30-5-1 *et seq.* that the state legislature intended to create a private right of action under

5

this criminal statute."). Again, the futility of this claim should not surprise Plaintiff. A Georgia court dismissed Plaintiff's similar elder law claim for the same reason. *Gobin v. Nadella*, 2025 WL 3780320, at *3 ("Plaintiff also cannot maintain a violation of Georgia's 'Elder Law' because he does not identify a specific statutory provision that provides a private right of action for the alleged elder abuse.").

For those reasons, the newly proposed causes of action are futile, and the lengthy narratives of the January 17 proposed amended complaint are improper under the federal pleading standard. Therefore, the proposed amendment would not affect the outcome of the pending motion to dismiss. Plaintiff's January 17 motion to amend [Filing No. 47] is denied.

### III. Defendant's Motion to Strike Sur-reply to Motion to Dismiss [Filing No. 54]

Defendant asks the Court to strike Plaintiff's January 20, 2026, filing regarding his "100% Opposition" to Defendant's motion to dismiss [Filing No. 51] because it is "an unauthorized sur-reply, which Plaintiff did not seek leave to file." [Filing No. 54, at ECF p. 12.] A party opposing a motion to dismiss may submit one brief in opposition. *See* S.D. Ind. Local Rule 7-1(c)(2). Plaintiff filed a response brief on December 19, 2026, [Filing No. 35] and a second brief in opposition to the motion to dismiss on January 20, 2026 [Filing No. 51]. No procedural rule authorizes the filing of a second brief in opposition to a motion to dismiss without seeking leave of the Court.

However, the decision to strike an unauthorized brief lies within the discretion of the Court. In light of Plaintiff's *pro se* status, the Court denies Defendant's request to strike Plaintiff's January 20 brief. *See Buchanan v. Illinois Dept. of Human Services*, 15 Fed. App'x 366, 369 (7th Cir. 2001) ("Pro se litigants are entitled to some procedural protections, but they are not entitled to a complete dispensation of procedural rules."). Accordingly, briefing has concluded on the motion to dismiss.

6

### IV.     Plaintiff's Motion to Seal [Filing No. 48]

Plaintiff asks the Court to seal portions of the January 17 proposed amended complaint that reference his medical history and personal injuries. [Filing No. 48.] Even unopposed motions to seal require good cause. S.D. Ind. Local Rule 5-11(e)(2). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). "Medical information is often sensitive but nevertheless must be made public if it is material to the issues before the court." *Benson v. City of Indianapolis*, No. 1:24-cv-00839-JPH-MJD, 2025 WL 3637013, at *2 (S.D. Ind. Dec. 15, 2025) ("To the extent [Plaintiff] wishes to shield his medical information from public disclosure due to embarrassment or general privacy concerns, this is not good cause to deprive the public of its right to access court filings."); *see also Mitze v. Saul*, 968 F.3d 689, 693 (7th Cir. 2020) (citing Fed. R. Civ. P. 5.2(a), (c)) (noting that "[t]he Federal Rules of Civil Procedure draw a line at protecting medical records themselves[.] But mere discussion of the factual basis [for a claim]" is not grounds to prevent public access).

The information Plaintiff seeks to seal is not a medical record or other document protected by HIPPA; rather Plaintiff seeks to redact his descriptions of the injury claims and treatment he attributes to Defendant's clinical trials. Plaintiff has put his medical history at issue in this case. Plaintiff's descriptions of his injury claims are not protected from public disclosure. Plaintiff's justification does not overcome the presumption of public access. Plaintiff's motion to seal [Filing No. 48] is denied.

## V.     Conclusion

Accordingly, the Court denies Plaintiff's motions seeking to amend or otherwise supplement the operative complaint [Filing Nos. 36, 44, 47] and Plaintiff's motion to seal [Filing No. 48]. Filing No. 28-1 remains the operative complaint. As noted by Defendant, "serial, overlapping filings . . . impose burden on the Court and counsel." [Filing No. 54, at ECF p. 6.] The Court cautions Plaintiff to only file motions when necessary and to wait until the opposing party and the Court have addressed a matter before filing anything further on the same or similar issue. Following this instruction will avoid confusion and conserve time and resources. Furthermore, the Court denies Defendant's request to strike Plaintiff's January 20 brief in opposition to the motion to dismiss [Filing No. 54]. The motion to dismiss [Filing No. 30] remains pending.

Date:  3/13/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

EARL JAMES GOBIN
4386 Cedar Wood Dr. SW
Lilburn, GA 30047